IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C/A No. 6:20-cr-628-TMC-1 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW J. WARD, | ) | **ORDER** |
| a/k/a "Bones" | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court are the Government's Motions *in Limine* (ECF Nos. 1710, 1711). Defendant filed no response to the motions. As discussed below, the court grants the Government's Motions *in Limine* (ECF Nos. 1710, 1711) as set forth herein.

### I. MOTIONS IN LIMINE

**A. Government's Motion to Limit Improper Use of Agent Reports and Summaries**

The Government seeks a preliminary ruling that the interview summaries prepared by the Federal Bureau of Investigation ("FBI") are not statements of the witness under the Jencks Act, 18 U.S.C. § 3500, and, thus, Defendant cannot introduce the contents of these reports to the jury or otherwise suggest that the reports are statements of a witness who did not write them or adopt them. (ECF No. 1710 at 1–3). The Fourth Circuit has held that FBI 302 reports are not discoverable under the Jencks Act unless they are adopted or otherwise approved by the witness. *United States v. Smith,* 31 F. 3d 1294, 1301 (4th Cir. 1994) (holding that absent evidence that the witness formally and unambiguously approved them, FBI 302s do not constitute witness statements under the Jencks Act). Accordingly, Defendant is precluded from using the contents

of FBI 302 interview reports to impeach the witness on the basis that it is a prior inconsistent statement unless the witness adopts or approves the report as his or her own statement.[1] *See id.* Furthermore, Defendant is precluded from publishing the contents of any FBI 302 report to the jury or otherwise indicating to the jury that such report is a prior "statement" of the witness absent such finding of adoption or approval. *See id.*

As the Government notes, Defendant can ask a witness whether he or she made a statement that is reflected in an FBI 302 report. *See* (ECF No. 1710 (citing *United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005))). However, if a witness denies on cross-examination making such a statement and the statement is reflected in a report, Defendant's recourse would be that he is permitted to call the FBI agent who was present for the interview to attempt to impeach the witness with a prior inconsistent statement. Accordingly, this motion (ECF No. 1710) is **GRANTED.**

### B. Government's Motion to Limit Testimony Relating to Non-Testifying Law Enforcement Officer

The Government further seeks a preliminary ruling limiting the scope of testimony regarding a disclosure made about a former Task Force Officer with the FBI. (ECF No. 1711). On June 1, 2021, the Government sent a letter to defense counsel regarding the termination of an officer's employment with the FBI and as a Deputy with the Greenville County Sheriff's Office ("GCSO"). *Id.* at 1; *see also* (ECF Nos. 1279, 1280). According to the Government, that officer was involved at least somewhat in the investigation of this case, and he was the author of the report produced in discovery with Bates numbers 7706–7708. (ECF No. 1711 at 1). The

---

[1] Moreover, "[w]hether a particular set of interview notes has been 'adopted or approved' by a witness for purposes of [18 U.S.C.] § 3500(e)(1) is a question of fact for the district judge . . . ." *Smith*, 31 F.3d at 1301. Neither party has made any indication in this case that any of the FBI 302 reports were "adopted or approved" by any witness in this case.

Government contends that the officer was terminated from GSCO, following an internal investigation, for failure to investigate a particular case involving a missing person. *Id.* The misconduct alleged did not pertain to Defendant's case.

Pursuant to *Brady v. Maryland* and its progeny, the Government "has a constitutional duty to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or punishment." *United States v. Coppa*, 267 F.3d 132, 139 (2nd Cir. 2001) (citing *Brady*, 373 U.S. 83, 87 (1963)). "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." *Id.* at 139 (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)); *see also United States v. Garrett*, 606 Fed. App'x 71, 71 (4th Cir. 2015) ("The Government has a responsibility to disclose material evidence favorable to the accused, including potential impeachment evidence."). The fact that a witness ends up not testifying at trial does not relieve the Government of its responsibility.

However, it appears that the Government has disclosed the information regarding the officer's termination and has even identified the Bates Numbers for the discovery in this case which relates to the officer in question. (ECF No. 1711 at 1, n.1); *see also* (ECF Nos. 1279, 1280). Accordingly, it appears the Government has complied with its disclosure obligations under *Brady* and *Giglio*.

Nonetheless, the Government contends that it will not be calling the officer in question to the witness stand at trial. (ECF No. 1711 at 2). Accordingly, the Government wishes for the court to limit the scope of testimony at trial to preclude testimony about the officer's termination. *Id.* The Government contends that such testimony would "only serve to cause unfair prejudice to the government's case, confuse the issues, mislead the jury, and waste time[,]" and

3

should be precluded on the basis of Federal Rule of Evidence 403. *Id.* The Government further notes that the "focus" of impeachment evidence produced pursuant to *Giglio* is "the credibility or reliability of a witness[,]" and, since the officer will not be called at trial, his "credibility or character for truthfulness or untruthfulness is not at issue." *Id*. Furthermore, the Government argues that the "mere fact that an officer involved in the investigation of this case was terminated from a law enforcement agency and the circumstances leading to the officer's termination are not relevant or probative of any other fact or possible defense at trial." *Id.*

As an initial matter, the court recognizes that there has been no allegation of misconduct as to the officer in question in relation to this particular investigation regarding Defendant or his co-defendants. Of course, should information arise that implicates the potential for such allegation, the Government retains its disclosure obligations in this case pursuant to *Brady*, *Giglio*, and Rule 5(f) of the Federal Rules of Criminal Procedure. Furthermore, Defendant filed no response to the motion *in limine* seeking to limit the scope of this testimony, so Defendant does not appear to object to the limitation.

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The court agrees with the Government that it does not appear that the fact that the officer was terminated for reasons unrelated to this case is relevant to this case and investigation. As noted above, there have been no allegations that the officer was involved in misconduct as to this investigation regarding Defendant. As such, the court finds it proper to exclude reference to such termination absent the officer testifying at trial. If the officer is called as a witness at trial, such evidence may become relevant for impeachment purposes, as noted in *Giglio*.

In the alternative, even if evidence of the officer's termination is relevant, the court finds that the Government has made the requisite showing under Rule 403 to justify exclusion. Rule 403 of the Federal Rules of Evidence provides that the court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the Government contends that eliciting testimony from witnesses regarding the officer's termination would "confuse the issues, mislead the jury, and waste time." (ECF No. 1711 at 2). The court agrees. Again, there is no allegation of misconduct regarding the officer in this particular case. Additionally, in reviewing the Bates Numbers provided by the Government which pertain to this officer, it does not appear that the Defendant was referenced anywhere in those pages. Furthermore, *Giglio* specifically focuses on disclosure of information pertaining to the "reliability of a given witness" which "may be determinative of guilt or innocence." *Giglio*, 405 U.S. at 154 (citations omitted). As the officer is not testifying, his reliability is not in question. Accordingly, the court agrees with the Government that the probative value of testimony regarding this officer's termination would be substantially outweighed by the danger of unfair prejudice, confusing the jury, and misleading the issues at trial. Accordingly, the court **GRANTS** the motion (ECF No. 1711) and hereby precludes the parties from eliciting testimony regarding the officer's termination from testifying witnesses at trial absent such officer testifying at trial. However, should the officer testify at trial, his credibility and reliability would undoubtedly be at issue, and such testimony would potentially be admissible for impeachment purposes.

## II. CONCLUSION

The parties are reminded that any ruling on a motion *in limine* is a preliminary ruling subject to review and revision based on developments at trial or the exercise of sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 42 (1964). With this principle in mind, based on the foregoing, the Government's Motions *in Limine* (ECF Nos. 1710, 1711) are **GRANTED as set forth herein.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
December 27, 2021