IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 6:20-cr-00628-TMC |
| v. | |
| MATTHEW J. WARD, a/k/a "Bones" | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 31ST day of January, 2022, between the United States of America, as represented by United States Attorney COREY F. ELLIS; Assistant United States Attorney Justin W. Holloway; Chief, Organized Crime and Gang Section, DAVID L. JAFFE; Trial Attorney Rebecca R. Dunnan; the Defendant, **MATTHEW J. WARD**, a/k/a "**Bones**," and Defendant's attorney, Lawrence W. Crane, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Counts 1, 18, and 148 of the Second Superseding Indictment now pending. Count 1 charges racketeer influenced and corrupt organizations (RICO) conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). Count 18 charges conspiracy to distribute and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846. Count 148 charges violent crime in aid of racketeering (VICAR) – attempted assault with a deadly weapon, in violation of 18 U.S.C. §§ 1959(a)(6) and 2.

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1 – RICO conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a)**

Title 18, United States Code, Section 1962(d) makes it a crime for any person to conspire to conduct the charged enterprise's affairs through a pattern of racketeering activity. In order to prove the Defendant's guilt, the government must prove the following elements beyond a reasonable doubt:

A. First, that an enterprise affecting interstate or foreign commerce existed;

B. Second, that the Defendant knowingly and intentionally agreed with another person to conduct or participate in the affairs of the enterprise;

C. Third, that the Defendant was a member or associate of the enterprise; and

D. Fourth, that the defendant knowingly and willfully agreed that he would commit at least two racketeering acts or some member of the conspiracy would commit at least two racketeering acts as part of a pattern of racketeering activity.

   i. Here, the enterprise known as the Insane Gangster Disciples, or "IGD," through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder, robbery, arson, and kidnapping, in violation of the laws of South Carolina; offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Sections 1956 (relating to the laundering of monetary instruments), 1512 (relating to tampering with a witness, victim, or an informant), 1513 (relating to retaliating against a witness, victim, or an informant), and 894 (relating to extortionate credit transactions). These enumerated racketeering acts include attempts and conspiracies to commit the offense.

E. In this Defendant's case, the racketeering activity reasonably foreseeable to the Defendant included, but is not limited to, the following:

   i. Distribution or Possession with Intent to Distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A): under which the government must prove that (A) the Defendant knowingly and intentionally possessed, or aided and abetted another in possessing, at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and (B) did so with the intent to distribute the controlled substance.

ii. Conspiracy or attempt to commit drug trafficking, in violation of 21 U.S.C. § 846, under which the government must prove that: (A) the Defendant attempted to violate 21 U.S.C. § 841 or that the Defendant agreed with at least one other person to commit drug trafficking in violation of 21 U.S.C. § 841; and (B) the Defendant did so knowingly and intentionally.

iii. Collection of extensions of credit by extortionate means in violation of 18 U.S.C. § 894, under which the government must prove that (A) the Defendant knowingly participated in any way, conspired to do so, or aided and abetted another, in the use of any extortionate means (B) to collect or attempt to collect any extension of credit, or to punish any person for not repaying an extension of credit.

iv. Laundering of monetary instruments in violation of 18 U.S.C. § 1956, under which the government must prove that (A) the Defendant conducted, attempted to conduct, or aided and abetted in the conducting of, a financial transaction having at least a minimal effect on interstate commerce or involving the use of a financial institution which is engaged in, or the activities of which have at least a minimal effect on, interstate or foreign commerce; (B) that the property that was the subject of the transaction involved the proceeds of specified unlawful activity, in this case, drug trafficking; (C) that the defendant knew that the property involved represented the proceeds of some form of unlawful activity; and (D) the Defendant engaged in the financial transaction with the intent to promote the carrying on of specified unlawful activity.

**PENALTIES:**

Under the penalty provisions of 18 U.S.C. § 1963, whoever violates any provision of 18 U.S.C. § 1962 shall face the following penalties:

IMPRISONMENT for <u>any number of years and up to Life</u>
FINE of <u>$250,000</u> (or up to twice the gross profits or other proceeds obtained from the racketeering activity)
TERM OF SUPERVISED RELEASE of <u>up to 5 years</u>
SPECIAL ASSESSMENT of <u>$100</u>

**Count 18 – Drug distribution conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 846**

Title 21, United States Code, Section 846 makes it a crime to conspire with someone else to commit a drug offense against the laws of the United States. A conspiracy is an agreement between two or more persons to join together to accomplish an unlawful purpose. It is a kind of partnership in crime in which each member becomes the agent of every other member. In order to prove the Defendant's guilt in this case, the government must prove the following elements beyond a reasonable doubt:

A.  First, that there was an agreement between two or more persons to possess with the intent to distribute and/or distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and a quantity of heroin;

B.  Second, the Defendant knew of this agreement or conspiracy;

C.  Third, the Defendant knowingly and voluntarily participated in or became a part of this agreement or conspiracy; and

D.  Fourth, the Defendant either 1) personally distributed or possessed with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and a quantity of heroin, or 2) it was reasonably foreseeable to the Defendant that members of the conspiracy would be distributing or possessing with the intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine and a quantity of heroin.

**The penalty for a violation of 21 U.S.C. § 841(b)(1)(A) is:**

IMPRISONMENT FOR  10 years - Life
FINE OF  $10,000,000
TERM OF SUPERVISED RELEASE OF  at least 5 years
SPECIAL ASSESSMENT  $100

**The penalty for a violation of 21 U.S.C. § 841(b)(1)(C) is:**

IMPRISONMENT FOR  0-20 years
FINE OF  $1,000,000
TERM OF SUPERVISED RELEASE OF  at least 3 years
SPECIAL ASSESSMENT  $100

### Count 148 – VICAR attempted assault with a dangerous weapon in violation of 18 U.S.C. §§ 1959(a)(6) and 2

Title 18, United States Code, Section 1959 makes it a crime to commit certain violent crimes in connection with any enterprise engaged in racketeering activity. In order to prove the Defendant's guilt, the government must prove the following elements beyond a reasonable doubt:

A. First, that there was an enterprise;

B. Second, that the enterprise engaged in racketeering activity;

   i. Relevant racketeering activity in this case includes acts involving murder, robbery, arson, and kidnapping, in violation of the laws of South Carolina; offenses involving dealing in controlled substances, in violation of Title 21, United States Code, Sections 841 and 846; and acts indictable under Title 18, United States Code, Sections 1956 (relating to the laundering of monetary instruments), 1512 (relating to tampering with a witness, victim, or an informant), 1513 (relating to retaliating against a witness, victim, or an informant), and/or 894 (relating to extortionate credit transactions);

C. Third, that the Defendant had a position in the enterprise;

D. Fourth, that the Defendant attempted to assault another person with a dangerous weapon, or aided and abetted another in doing so, in violation of S.C. Code Ann. § 16-3-600(C)(1)(b)(i), which states that it is unlawful for a person to offer or attempt to injure another person with the present ability to do so and the act is accomplished by means likely to produce death or great bodily injury (defined as bodily injury which causes a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ); and

E. Fifth, the Defendant's general purpose in committing the alleged crime was to maintain or increase his position in the enterprise.

**PENALTIES:**

IMPRISONMENT for  0-3 years
FINE of $ 250,000
TERM OF SUPERVISED RELEASE of  1 year
SPECIAL ASSESSMENT of $ 100

2. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Second Superseding Indictment (and any other indictments under this number) at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

### Merger and Other Provisions

3. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Second Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

4. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

5. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

*(signature blocks on the following page)*

| | |
|---|---|
| 1-31-22<br>Date | Matthew J. Ward, a/k/a "Bones"<br>Defendant |
| 1/31/22<br>Date | Lawrence W. Crane, Esquire<br>Defense Attorney |
| | COREY F. ELLIS<br>UNITED STATES ATTORNEY |
| 1-31-2022<br>Date | Justin Holloway (Fed. ID # 11684)<br>Assistant United States Attorney |
| | DAVID L. JAFFE<br>CHIEF, ORGANIZED CRIME AND GANG SECTION |
| 1-31-2022<br>Date | /s/ Rebecca Dunnan<br>Rebecca Dunnan<br>Trial Attorney<br>Organized Crime and Gang Section<br>United States Department of Justice |